UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ADOLPHUS WILLIAMS, | ) | 1:09-CV-00773 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION WITHOUT PREJUDICE |
| | ) | |
| v. | ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| | ) | |
| HEDGEPETH, | ) | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |
| | ) | |
| Respondent. | ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has returned his consent/decline form indicating consent to Magistrate Judge jurisdiction.

    On November 21, 2008, Petitioner filed the instant federal petition for writ of habeas corpus in the United States District Court for the Northern District of California. By order of the Court dated April 29, 2009, the action was transferred to the Fresno Division and received in this Court. The petition raises multiple claims challenging a disciplinary hearing held in 2007 at Susanville State Prison in which Petitioner was found guilty of battery on a peace officer.

    Following a preliminary review of the petition, on May 27, 2009, the undersigned issued an order directing Petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies. He was granted thirty (30) days to comply and forewarned that failure to do

so would result in dismissal of the petition. Over thirty days have passed and Petitioner has not complied or responded in any manner. Therefore, the petition will be dismissed without prejudice.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial

showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:   **July 6, 2009**            /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE